1  Roger L. Grandgenett II, Bar No. 6323
   rgandgenett@littler.com
2  Emil S. Kim, Bar No. 14894
   ekim@littler.com
3  LITTLER MENDELSON, P.C.
   3960 Howard Hughes Parkway
4  Suite 300
   Las Vegas, Nevada 89169.5937
5  Telephone:  702.862.8800
   Fax No.:    702.862.8811
6
7  Robert W. Pritchard (pro hac anticipated)
   rpritchard@littler.com
   Christian A. Angotti (pro hac anticipated)
8  cangotti@littler.com
   LITTLER MENDELSON, P.C.
9  625 Liberty Avenue, 26th Floor
   Pittsburg, Pennsylvania 1522
10 Telephone:  412.201.7600
   Fax No.:    412.456.2377
11
   Attorneys for Defendant
12 CORECIVIC OF TENNESSEE, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY TURNER on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CORECIVIC OF TENNESSEE, LLC, and DOES 1-50,<br><br>Defendants. | Case No.<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>**(28 U.S.C. §§ 1331, 1367, 1441, AND 1446)**<br><br>**(FEDERAL QUESTION)** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

Please take notice that Defendant CORECIVIC OF TENNESSEE, LLC ("Defendant"), hereby removes the state court action entitled *Anthony Turner v. CoreCivic of Tennessee, LLC, et. al.,* filed in the Eighth Judicial District Court, Clark County, Nevada (Case No. A-22-851570-C), to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. Defendant seeks this timely removal on the

4893-2607-7216.1 / 057737-1175

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

bases of the Court's federal question and supplemental jurisdiction. As grounds for removal, Defendant states as follows:

## I. THE STATE COURT CASE

1. On April 22, 2022, Plaintiff ANTHONY TURNER ("Plaintiff") filed a Collective and Class Action Complaint (the "Complaint") in the Eighth Judicial District Court in and for Clark County, Nevada, entitled *Anthony Turner v. CoreCivic of Tennessee, LLC, et al.* (Case No. A-22-851570-C). A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2. Defendant first received a copy of the initial pleading setting forth the claims for relief in this matter on April 26, 2022, when Plaintiff effected service of the summons and Complaint on Defendant. A true and correct copy of the summons is attached hereto as **Exhibit 2**. A true and correct copy of the Service of Transmittal is attached hereto as **Exhibit 3**.

3. The Complaint asserts violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the Nevada Constitution Minimum Wage Amendment, Article 15 Section 16, and Nevada State wage and hour statutory law, Nevada Revised Statute ("NRS"), §§ 608.250, 608.140, 608.016, 608.018, and 608.020-.050. Plaintiff alleges that Defendant failed to pay wages for all hours worked, specifically that correctional and/or detention officers should have been compensated time spent in security screening. (Complaint, ¶¶ 19, 21) Plaintiff also alleges that Defendant failed to schedule, authorize, and/or permit employees to take their legally mandated rest breaks. (Complaint, ¶ 23)

4. A true and correct copy of the Complaint is attached hereto as **Exhibits 1**. Defendant has not been served with any other process, pleadings, or orders. Accordingly, **Exhibits 1-3** constitutes "all process, pleadings, and orders" in this action and satisfy the requirements of 28 U.S.C. § 1446(a).

## II. REMOVAL IS TIMELY

5. A notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b).

4893-2607-7216.1 / 057737-1175

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

2.

6.  As noted above, Defendant was served with the Complaint on April 26, 2022. *See* **Exhibit 3**. Accordingly, Defendant is timely filing this Notice of Removal on or before May 26, 2022.

7.  No previous Notice of Removal has been filed with this Court for the relief sought herein.

### III. INDIVIDUAL AND DOE DEFENDANTS

8.  No individual defendants are named in the state court action. Defendant is informed and believes that none of the Doe defendants in this case have been identified or served. Doe Defendants designated 1 to 50 are fictitious, are not parties to this action, have not been served and are to be disregarded for the purpose of this removal. 28 U.S.C. § 1441(a). For this reason, the Doe Defendants need not be joined on this removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193, n. 1 (9th Cir. 1988) (general rule that all defendants in state action must join in removal only applies to defendants served in the action.")

### IV. GROUNDS FOR REMOVAL

9.  This action is removable pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

10. This Court's subject matter jurisdiction, and the basis for removal, is founded upon federal question jurisdiction under 28 U.S.C. §§ 1331, 1441, and 1446.

### V. STATEMENT OF JURISDICTION: FEDERAL QUESTION JURISDICTION

11. This Court has original jurisdiction of this matter because it arises under the laws of the United States, and the Court can assert supplemental jurisdiction over the state law claims. 28 U.S.C. §§ 1331, 1367.

12. This Court has original jurisdiction over "all actions arising under the Constitution, laws or treatises of the United States." 28 U.S.C. § 1331. In deciding whether a suit arises under federal law, the district court must abide by the "well pleaded complaint" rule, under which a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

4893-2607-7216.1 / 057737-1175

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

13. This case plainly arises under federal law. The first cause of action in Plaintiff's Complaint expressly alleges violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (the "FLSA"). As the Complaint seeks a determination of whether Defendant violated a federal law, this Court has original jurisdiction over this action and removal is proper. 28 U.S.C. § 1441(a).

14. Therefore, this Court has original jurisdiction of this matter falls under the provisions of 28 U.S.C. § 1331 and is removable without regard to amount in controversy or citizenship of the parties.

15. In addition, when a district court has original jurisdiction over a civil action pursuant to 28 U.S.C. § 1331, the court also can exercise concurrent jurisdiction of the state law claims that "form part of the same case or controversy" as the federal law claims. 28 U.S.C. § 1367(a).

16. "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citations and internal quotation marks omitted). The Ninth Circuit has explained that the exercise of supplemental jurisdiction is mandatory "unless a court properly invokes a section 1367(c) category." *Executive Software v. Dist. Court*, 24 F.3d 1545, 1556 (9th Cir. 1994); *see* 28 U.S.C. § 1367(c) (providing that a district court may decline supplemental jurisdiction only if (1) "the claim raises a novel or complex issue of State law"; (2) "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction"; (3) "the district court has dismissed all claims over which it has original jurisdiction"; or (4) "in exceptional circumstances," where "there are other compelling reasons for declining jurisdiction").

17. Plaintiff's state law claims are subject to this Court's supplemental jurisdiction. *Id*. Here, Plaintiff asserts state law civil wage claims and, like his FLSA claim, these state law claims all stem from Plaintiff's employment with Defendant. The Complaint acknowledges that "the state law claims alleged herein arise out of the same transaction and occurrence as the federal claims (i.e., the failure to pay wages for all hours worked) and there is no conflict between the procedures applicable to the FLSA and State law claims." Complaint, ¶ 5. As a result, Plaintiff's state law claims arise out

4893-2607-7216.1 / 057737-1175

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

4.

of the "same case or controversy" as his FLSA claim and are subject to the Court's supplemental jurisdiction.

## VI. ALL REMAINING PREREQUISITES FOR REMOVAL ARE SATISFIED

18. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§ 108, 1391, 1441, and 1446 because the Eighth Judicial District Court, Clark County, Nevada, where Plaintiff filed the Complaint, is a state court within this federal district and division.

19. Promptly after the filing of this Notice of Removal, Defendant will provide written notice of this removal to all adverse parties in accordance with 28 U.S.C. § 1446(d). A copy of that notice is attached here as **Exhibit 4**.

20. Defendant also will promptly provide notice of removal of the action to the Eighth Judicial District Court in and for Clark County, Nevada, in accordance with 28 U.S.C. § 1446(d). A copy of that notice is attached as **Exhibit 5**.

21. A completed Federal Civil Cover Sheet accompanies this Notice of Removal.

22. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present both briefing and oral argument in support of its position that the case is properly removable.

**WHEREFORE**, for the reasons set forth above, Defendant respectfully requests that all further proceedings in the Eighth Judicial District Court, Clark County, Nevada be discontinued and that this action be removed to the United States District Court for the District of Nevada.

Dated: May 16, 2022

LITTLER MENDELSON, P.C.

_____
Roger L. Grandgenett II
Emil S. Kim
Robert W. Prichard (pro hac anticipated)
Christian A. Angotti (pro hac anticipated)

Attorneys for Defendant
CORECIVIC OF TENNESSEE, LLC

4893-2607-7216.1 / 057737-1175

# PROOF OF SERVICE

I am a resident of the State of Arizona, over the age of eighteen years, and not a party to the within action. My business address is 2425 E. Camelback Road, Suite 900, Phoenix, Arizona 85016. On May 16, 2022, I served the within document(s):

**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

☒ By CM/ECF Filing – Pursuant to FRCP 5(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

Mark R. Thierman, Esq.
Joshua D. Buck, Esq.
Leah L. Jones, Esq.
Joshua R. Hendrickson, Esq.
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
Email: mark@thiermanbuck.com
Email: josh@thiermanbuck.com
Email: leah@thiermanbuck.com
Email: joshh@thiermanbuck.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 16, 2022, at Phoenix, Arizona.

*s/ Sara Jurecki*
Sara Jurecki

4893-2607-7216.1 / 057737-1175

LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800